FILED

2013 DEC 26  PM 4: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1   WRIGHT, FINLAY & ZAK, LLP
2   Jonathan M. Zak, Esq., SBN 121592
    Marvin B. Adviento, Esq., SBN 240315
3   4665 MacArthur Court, Suite 280
    Newport Beach, CA 92660
4   Tel: (949) 477-5050
5   Fax: (949) 608-9142

6

7   Attorneys for Defendant, OCWEN FINANCIAL CORPORATION, *erroneously*
8   *sued herein as* OCWEN FINANCIAL CORPORATION, INC. *and also sued*
    *herein as* OCWEN LOAN SERVICING, LLC
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12   AMALIA AND CHRISTOPHER WELLS,        )   CASE NO:
13                                        )
                                          )        **SACV13-02002 CJC (ANx)**
14                Plaintiff,              )
                                          )
15        vs.                             )   **NOTICE OF REMOVAL OF**
                                          )   **ACTION PURSUANT TO 28**
16   OCWEN FINANCIAL CORPORATION,         )   **U.S.C. §1441(b)**
     INC., OCWEN LOAN SERVICING, LLC,     )
17   OLD REPUBLIC DEFAULT                 )
18   MANAGEMENT SERVICES, INC; and        )
     DOES 1through 50, inclusive,         )
19                                        )
20                                        )
                  Defendants.             )
21                                        )
                                          )
22                                        )
                                          )
23                                        )

24        **TO THE CLERK OF THE UNITED STATES DISTRICT COURT,**

25   **FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

26        **PLEASE TAKE NOTICE** that Defendant OCWEN FINANCIAL

27   CORPORATION, erroneously sued herein as *OCWEN FINANCIAL*

28

1

1  *CORPORATION, INC.* and also sued herein as OCWEN LOAN SERVICING,

2  LLC, ("Ocwen" or "Defendant"), hereby removes to the United States District

3  Court, the state court action described as follows:

4      1.      On September 27, 2013, Plaintiffs Amalia and Christopher Wells

5  ("Plaintiffs") filed a Complaint in the Superior Court of the State of California,

6  County of Orange ("State Court"), styled *Wells, et al. v. Ocwen Financial*

7  *Corporation, Inc., et al.*, Orange County Superior Court case number 30-2013-

8  00678157-CU-OR-CJC.  A true and correct copy of the Complaint ("Complaint")

9  on file with the State Court is attached hereto as Exhibit "1".  Any subsequent

10 filings in the State Court will be filed with this Court.

11 **REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

12      The Action may be removed to the United States District Court, in

13 accordance with 28 U.S.C. §1441(b) since this District Court has original

14 jurisdiction over the State Court Action on the basis of diversity of citizenship

15 pursuant to 12 U.S.C. § 1332. Specifically, the State Court Action is a civil action

16 between citizens of different states and the amount in controversy exceeds the sum

17 of $75,000.00.

18 **A.     DIVERSITY OF CITIZENSHIP**

19      In order to qualify for diversity of citizenship jurisdiction, all of the named

20 plaintiffs' citizenships must be completely diverse from all the named defendants'

21 citizenships, excluding nominal, fraudulent and/or sham defendants. *Strawbridge*

22 *v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *see also, Grupo Dataflux v. Atlas Global*

23 *Group, LP*, 541 U.S. 567, 571 (2004). Here, complete diversity exists because:

24 **1.  *Plaintiffs' Citizenship.***

25      A natural person's citizenship is determined by his or her naturalization to

26 the United States and domicile state at the time of filing (which is the state he or

27 she resides in with the intention to remain or to which he or she intends to return).

28 *Kanter v. Warner—Lambert Co.*, 265 F3d 853, 857 (9th Cir. 2001). In the present

WRIGHT FINLAY & ZAK"
ATTORNEYS AT LAW

2

1  matter, Plaintiffs allege that they are residents of Riverside County in California.

2  *See,* Complaint, 2: 2-5, attached hereto as Exhibit "1." Therefore, Plaintiffs are

3  deemed citizens of the State of **California** for the purposes of diversity citizenship

4  jurisdiction.

5      **2. *Defendant Ocwen's Citizenship.***

6      Ocwen Loan Servicing, LLC is a Delaware limited liability company with

7  its principal place of business in Florida. The citizenship of a limited liability

8  company is determined by the citizenship of each member of the company.

9  *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006)

10  ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")

11  At the present time, and at the time of commencement of the Action, Ocwen is,

12  and was, a wholly-owned subsidiary of Ocwen Financial Corporation *(see,* Exhibit

13  "2"), and therefore takes the citizenship of its only member, Ocwen Financial

14  Corporation, which is  incorporated in Florida and has its principal place of

15  business in Georgia. *See,* Exhibit "3."  Therefore, Ocwen is deemed a citizen of the

16  States of **Florida** and **Georgia** for the purposes of diversity citizenship

17  jurisdiction.

18      **3. *Defendant Old Republic Default Management Services, Inc.'s Citizenship.***

19      Defendant Old Republic Default Management Services, Inc. ("Old

20  Republic") is simply the foreclosure trustee against whom, no liability can be

21  imposed for the causes of action alleged in the Complaint.  Further, any conduct by

22  Old Republic pertaining to the recording of foreclosure notices is privileged under

23  California Civil Code, section 47.  Under these circumstances, Old Republic has

24  nothing at stake in this litigation. "Defendants who are nominal parties with

25  nothing at stake may be disregarded in determining diversity, despite the propriety

26  of their technical joinder." *Strotek Corp. v. Air Transport Ass'n. of America,* 300

27  F.3d 1129, 1133 (9th Cir.2002) (citing *Prudential Real Estate Affiliates, Inc. v.*

28  *PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir.2000)).  Because of the foregoing,

3

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b)
*Wells, et al. v. Ocwen Financial Corporation, Inc., et al.* (OCSC Court Case No. 30-2013-00678157-CU-OR-CJC)

WRIGHT FINLAY & ZAK"
ATTORNEYS AT LAW

1    Old Republic's citizenship may be disregarded for the purposes of determining

2    diversity jurisdiction.

3    **4.  *Defendant DOES 1through 50's Citizenship.***

4         Upon information and belief, Does 1-100 have not been named or served,

5    and thus their consent is not required. *Emrich v. Touche Ross & Co.,* 846 F.2d

6    1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to

7    defendants properly joined and served in the action."); *Salverson v. Western States*

8    *Bankcard Ass 'n,* 731 F.2d 1423, 1428 (9th Cir. 1984).

9         Because no defendant has the same citizenship as Plaintiffs, complete

10   diversity of citizenship exists.

11   **B.    AMOUNT IN CONTROVERSY.**

12        In addition to diversity of citizenship, "the matter in controversy [must]

13   exceed[s] the sum or value of $75,000, exclusive of interest and costs..." 28 U.S.C.

14   §1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well

15   established that the amount in controversy is measured by the value of the object of

16   the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347

17   (1977); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).  Here, Plaintiffs

18   seek to enjoin the non-judicial foreclosure sale and requests declaratory relief. The

19   loan which is the subject of this litigation is for the value of $543,750.00 an

20   amount that exceeds $75,000.00. Therefore, this Action meets the jurisdictional

21   amount in controversy.

22   **C.    NOTICE IS TIMELY.**

23        Ocwen's counsel was advised by Plaintiff's counsel on November 25, 2013

24   that they had personally served Ocwen  Therefore, the 30 day period in which to

25   bring this Notice of Removal, as required by 28 U.S.C. §1446(b), expires on

26   December 26, 2013 (December 25, 2013 was a court holiday).

27

28

WRIGHT FINLAY & ZAK<sup>LLP</sup>
ATTORNEYS AT LAW

1        Pursuant to 28 U.S.C. §1446(a), Ocwen files this Notice in the District Court

2   of the United States for the district and division within which the State Court

3   Action is pending.

4        Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its attachments

5   will promptly be served on Plaintiff in the State Court Action, and notice thereof

6   will be filed with the clerk of the Riverside County Superior Court.

7        **WHEREFORE,** the Action is hereby removed from the State Court to this

8   United States District Court, and removing Defendant Ocwen, prays that this

9   District Court proceed, pursuant to 28 U.S.C. §1441, as well as any other relevant

10  and applicable law, as if this Action had been originally filed in this District Court,

11  and that the proceedings in the State Court be stayed in all respects.

12

13                                  Respectfully submitted,

14                                  WRIGHT, FINLAY & ZAK, LLP

15  Dated:  December 26, 2013      By:  _____

16                                  Jonathan M. Zak, Esq.

17                                  Marvin B. Adviento, Esq.
                                    Attorneys for Defendant,

18                                  OCWEN LOAN SERVICING, LLC

19

20

21

22

23

24

25

26

27

28

5

WRIGHT FINLAY & ZAK™
ATTORNEYS AT LAW

# EXHIBIT "1"

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange,

**09/27/2013** at 04:13:09 PM

Clerk of the Superior Court
By Jaime Cordero,Deputy Clerk

1  Ronny Mor (SBN 248274)
   Law Office of Ronny Mor & Associates
2  P.O. Box 762
   Huntington Beach, CA 92648
3  Tel: (619) 708-7237
   Fax: (619) 599-8237
4

5  Attorney for Plaintiffs,

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF ORANGE, CENTRAL DIVISION

10 AMALIA AND CHRISTOPHER WELLS,          Case No. _30-2013-00678157-CU-OR-CJC

11            Plaintiffs,                  **COMPLAINT FOR:**   Judge Derek W. Hunt

12                                         1. **BREACH OF CONTRACT**
13 v.                                      2. **VIOLATION OF CIVIL CODE**
                                              **SECTION 2923.5 – FAILURE TO**
14                                            **EXPLORE OPTIONS TO AVOID**
   OCWEN FINANCIAL CORPORATION, INC,         **FORECLOSURE**
15 OCWEN LOAN SERVICING, LLC               3. **VIOLATION OF CIVIL CODE**
   OLD REPUBLIC DEFAULT MANAGEMENT            **SECTION 2923.6 – FAILURE TO**
16 SEVICES , INC, and DOES 1 through 50,     **MODIFY LOAN IN BEST INTERESTS**
   inclusive,                                **OF INVESTOR**
17                                         4. **STATUTORY UNFAIR**
18            Defendants.                     **COMPETITION – BUSINESS AND**
                                              **PROFESSIONS CODE SECTION**
19                                            **17200**
20                                         5. **COMMON LAW UNFAIR**
                                              **COMPETITION**
21                                         6. **DECLARATORY RELIEF**
22                                         7. **BREACH OF COVENANT OF GOOD**
                                              **FAITH AND FAIR DEALING**
23
24                                         **JURY TRIAL DEMANDED**

25

26

27     Plaintiffs, AMALIA AND CHRISTOPHER WELLS, declare as follows:

28 ///

                              - 1 -

                    **COMPLAINT FOR DAMAGES**

# I. PARTIES AND JURISDICTION

1.     Plaintiffs, AMALIA AND CHRISTOPHER WELLS (hereinafter "HOMEOWNER" or "borrower"), is and at all times herein mentioned was, an individual residing in the County of Orange, state of California. HOMEOWNER is the owner of certain real property (the "Property") located at 17554 Santa Paula Cir, Fountain Valley CA 92708.

2.     Plaintiff is informed and believes and thereon alleges that Defendant OCWEN FINANCIAL CORPERATION, (hereinafter "OCW") is, and at all times relevant herein was doing business in the State of California as a loan servicer. Plaintiff is informed and believes and thereon alleges that OCW, is a Corperation registered with the State of California and authorized to transact business in the state of California.

3.     Plaintiff is informed and believes and thereon alleges that OLD REPUBLIC DEFAULT MANAGEMENT SERVICES COMPANY, INC. ("TRUSTEE") is, and at all times mentioned herein was, a California corporation doing business in the County of Orange, state of California. TRUSTEE is in the business of assisting lenders with conducting foreclosure sales. Upon information and belief, TRUSTEE purports to have the power to conduct a foreclosure sale under the deed of trust executed by HOMEOWNER based upon a Substitution of Trustee.

4.     Defendant OCWEN, (hereinafter "INVESTOR") is, and at all times herein mentioned was, an individual or business entity with form unknown, and is the INVESTOR, who, upon information and belief, purchased all beneficial interest under the promissory note executed by HOMEOWNER by purchasing an interest in a mortgage backed securities trust. Upon information and belief, INVESTOR currently is the holder of 100% beneficial interest under the note executed by HOMEOWNER.

5.     Venue is proper in this Court under the Code of Civil Procedure section 395 and 395.5 because the subject contract was to be performed and/or executed in the County of Orange, state of California and because the real property that is the subject of this action is situation in the County of Orange, state of California within the boundaries of this Judicial District.

///

- 2 -

6.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. When Plaintiff ascertains the true names and capacities of said Defendants, Plaintiff will seek leave of court to amend this Complaint pursuant to the California Code of Civil Procedure for the purpose setting forth said true names and capacities. Plaintiff is informed and believes and based thereon alleges that said fictitiously named Defendants [including all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto,] authorized, participated in, consented to, and otherwise ratified the actions and inaction of the named Defendants described herein.

7.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each Defendant, including the fictitiously named Defendants, was the agent, servant, representative or employee of his or her co-defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency and consent of his or her co-defendants.

## II. GENERAL ALLEGATIONS

8.     On or about May 15th, 2007, HOMEOWNER, executed a promissory note (the "Note"), in the principal sum of $543,750, carrying a fixed interest rate.

9.     In connection with the execution of the Note, HOMEOWNER executed a deed of trust in favor of Litton Loans, Inc, OCW predecessor, in the principal balance of $543,750 as security for the Note.

10.    Upon information and belief, shortly after the Note was executed by HOMEOWNER, the Note was packaged into a mortgage backed securities trust and sold to INVESTOR.

11.    Plaintiff is informed and believes that former Litton Loans, Inc. serviced the Note, which said servicing obligation was then transferred to OCW upon the sale of Litton Loans assets.

///
///

- 3 -

**COMPLAINT FOR DAMAGES**

12.    Thereafter HOMEOWNER fell behind on his mortgage payments. Plaintiff is informed and believes that at the time, and continuing to this day, the balance owing on the Note was/is more than the value of the Property.

13.    Beginning on or about Jan of 2009, HOMEOWNER directly contacted Litton Loans, in order to negotiate a modification or workout of the Note HOMEOWNER executed.

14.    At the time, HOMEOWNER had been unable to make his mortgage payment as a result of extenuating financial hardships stemming from health issues related to cancer. In addition, the current economic decline has affected HOMEOWNER'S business practice. These extenuating factors have curtailed and directly affected HOMEOWNER's income and ability to pay his mortgage.

15.    On or about the beginning of Feb 2008, HOMEOWNER submitted a loan modification application to Litton Loans, care of its loss mitigation department via facsimile. The modification package was received and all docs were under review.  The HOMEOWNER continued to follow up, submitting the same requested documents over and over. Subsequently, while in review Litton Loans files for bankruptcy and servicing was transferred to OCW.

16.    Shortly after the completion of transferring of servicing to OCW, HOMEOWNER'S submitted a new loan modification application. On or about July 8th, 2011 while in review, due to servicing dysfunctions OCW filed a Notice of Default to be recorded with County Recorder of Orange County.

17.    Based on the requirements of new law, the Notice of Default is defective, in that if fails to contain a declaration attesting to compliance with Civil Code §2923.5, subdivision (b), which provides that "mortgagee, beneficiary, or authorized agent has contacted the borrower, tried with due diligence to contact the borrower as required by this section…" There is no declaration. There is no statement under penalty of perjury attesting to any contact. No one has declared that they have personal knowledge of having undertaken any contact with the borrower. Notwithstanding, any such statement would be false. Plaintiff alleges that Plaintiff was never contacted to discuss alternatives to foreclosure.

- 4 -

**COMPLAINT FOR DAMAGES**

18.     Over the next month HOMEOWNER was given many unjustified delays and inconsistent status updates on HOMEOWNER's file. In Jan 2012, OCW acknowledged the proposal and confirmed that the file would be under prompt review, and OCW confirmed that all documentation necessary for the file review had been received, and confirmed that financials were updated.  OCW further advised that the file would be in review for 30-45 days awaiting a negotiator to be assigned.

19. On or about July 31, 20012, despite the prior repeated correspondences and submissions by HOMEOWNER; OCW sent a correspondence to HOMEOWNER purporting to offer assistance to struggling borrowers.

20.     In early August 2012, HOMEOWNER was advised that the file was still under review and that no documents were missing.  On or about August 19, 2012, HOMEOWNER was again advised by OCW that the file was not in review and had been "cancelled."

21.     On August 26, 2012, HOMEOWNER was again given unjustified excuses for the delay in processing. As a result of the inconsistent status updates and run around, HOMEOWNER sent OCW a demand letter requesting compliance with relevant California anti-foreclosure statutes.

22.     Finally, on or about early September 2012, OCW advised that borrower's proposal had been "rejected."

23.     In mid-September 2012, BAC contacted HOMEOWNER and offered a permanent loan modification proposal, which HOMEOWNER promptly applied for. HOMEOWNER sent OCW a letter on September 6, 2012 memorializing the oral assurances by OCW's representatives. While OCW representatives orally assured the offer, HOMEOWNER conspicuously did not receive said "Loan Modification Agreement" until mid-October 2012. Once HOMEOWNER received said Application on or about October 22, 2012, he contacted OCW to question the improper delay and unfair business practices of OCW. Indeed, HOMEOWNER did apply for the proposed offer and intended to execute the Loan Modification Agreement, had it not been for OCW's unwarranted and bad faith delay in mailing said Application.

**COMPLAINT FOR DAMAGES**

24.     Notwithstanding HOMEOWNER'S timely request of the Loan Modification
Agreement at issue, on or about the beginning of May 2013, OCW sent a Notice of Sale setting a
sale date of May 16th, 2012. Said Sale Date was postponed, pending loan modification review. At
this time, HOMEOWNER alleges that he has exhausted all possible avenues aimed at OCW
complying with the law and offering some sort of assistance to the borrower. Plaintiff alleges
that OCW is in violation of the requirements of Civil Code §2923.5 and §2923.6.

25.     As of the date of this Complaint, OCW fails to honor the terms of the agreed upon
contract, and borrower now faces the likely sale of his home without OCW and its
representatives/agents having complied with the requirements of Civil Code §2923.5 and
§2923.6.

26.     By way of this Complaint, HOMEOWNER seeks a temporary restraining order,
followed by a preliminary injunction, enjoining OCW from selling HOMEOWNER's Property at
auction. HOMEOWNER also seeks damages for OCW's blatant violation of the requirements of
California Civil Code §2923.5.

///
///
///
///

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

(Against All Defendants)

27.     Plaintiff hereby incorporates by this reference paragraphs 1 through 26, as though
fully set forth herein.

28.     OCW promised and agreed, among other things, to modify HOMEOWNER'S
loan pursuant to the terms of the offered Loan Modification Agreement referenced above.  Under
this agreement, the loan at issue was to be modified immediately.

- 6 -

29.     HOMEOWNER orally accepted the terms of the offer, and duly requested said Agreement for execution, since he justifiably relied and intended to perform all the terms and conditions of said Agreement.

30.     Furthermore, based on information and belief, there was a deliberate delay in mailing said Agreement by OCW, such that there has been a purposeful disablement of the HOMEOWNER'S ability to execute and perform his respective obligations under the Agreement.

31.     Currently, OCW refuses to honor said Agreement, and has blatantly acted in bad faith by undermining the prior acceptance of its offer by HOMEOWNER.

32.     HOMEOWNER has incurred damages as a direct and proximate result of all the aforementioned breaches of the Agreement by OCW. Specifically, OCW has incurred damages in the amount of loan, plus the ability to make use of the property.

## SECOND CAUSE OF ACTION

**VIOLATION OF CIVIL CODE SECTION 2923.5 – FAILURE TO EXPLORE OPTIONS TO AVOID FORECLOSURE**

(Against all Defendants)

33.     Plaintiff hereby incorporates by this reference paragraphs 1 through 32, as though fully set forth herein.

///

34.     Senate Bill 1137 amended the California Code of Civil foreclosure procedure statutes by adding California Civil Code §2923.5 and §2923.6, both of which went into effect July 8, 2008.

35.     Pursuant to California Civil Code § 2923.5, subdivision (a)(1), a mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Civil Code 2924 until thirty (30) days after the borrower is contacted as required by subdivision (a)(2) in order to explore options to avoid foreclosure. If the borrower cannot be contacted, a notice of

- 7 -

default may not be filed until 30 days after satisfying the due diligence requirements as described in subdivision (g). Pursuant to subdivision (b),

> "A notice of default filed pursuant to section 2924 shall include a declaration From the mortgagee, beneficiary, or authorized agent that it has contacted the Borrower, tried with due diligence to contact the borrower as required by this Section, or the borrower has surrendered the property to the mortgagee, trustee Beneficiary, or authorized agent."

36.    Defendants have failed to comply with the requirements of subdivision (b), by not only failing to contact the borrower to offer any assistance, but rather also failing to include a declaration attesting to their efforts at contacting HOMEOWNER to explore alternatives to foreclosure.

37.    OCW and its agents have engaged in a pattern of bad faith conduct with respect to HOMEOWNER's loan modification request and subsequent acceptance of the recent offer. OCW not only has failed to offer any assistance to the HOMEOWNER, but also has clearly engaged in a pattern of conduct, which has caused HOMEOWNER to likely lose his home.

38.    By their conduct, OCW, INVESTOR and TRUSTEE, have violated the express statutory requirements of Civil Code § 2923.5, and, therefore, Defendants, and each of them, may not foreclose until they have engaged in meaningful discussions to honor the Agreement that was promptly accepted by HOMEOWNER.

///

///

### THIRD CAUSE OF ACTION

**VIOLATION OF CIVIL CODE SECTION 2923.6 – FAILURE TO MODIFY LOAN IN BEST INTEREST OF INVESTOR**

(Against All Defendants)

39.    Plaintiff hereby incorporates by this reference paragraphs 1 through 38, as though fully set forth herein.

- 8 -

40.     Civil Code § 2923.6, subsection (a)(1) and (a)(2) provides that under certain conditions a loan servicer's duty to act in the best interest of all parties requires it to agree to implement a loan modification or workout plan. Civil Code 2923.6, subsection (a)(1) and (a)(2) provides:

> (a) The Legislature finds and declares that any duty servicers may have to
> Maximize net present value under their pooling and servicing agreements
> Is owed to all parties in a loan pool, not to any particular parties, and that a
> Servicer acts in the best interest of all parties if it **agrees to or implements**
> **A loan modification or workout plan** for which both of the following apply:
> (1) The loan is in payment default, or default is reasonably foreseeable.
> (2) Anticipated recovery under the loan modification or workout plan exceeds
> The anticipated recovery through foreclosure on a net present value basis"
> [emphasis added]

41.     The stated statutory purpose of Civil Code § 2923.6, expressly states in Stats 2008 Ch. 69, Section 1, subsection (g), as follows:

> **"This act is necessary to avoid unnecessary foreclosures** of residential
> Real properties and thereby provide stability to California's statewide and
> Regional economies and housing market **by requiring early contact and**
> **Communications** between mortgagees, beneficiaries, or authorized agents
> **And specified borrowers to explore options that could avoid foreclosure**
> And by **facilitating the modification or restructuring of loans in approp-**
> **riate circumstances."** [emphasis added]

42.     Upon information and belief, OCW, pursuant to its pooling and servicing agreement with INVESTOR, has a duty to maximize net present value of the Note.

43.     Accordingly, pursuant to California Civil Code §2923.6, OCW, as a loan servicer, has a duty to implement the accepted Loan Modification Agreement; however, OCW is in bad faith refusing to honor said Agreement or even consider HOMEOWNER for a similar loan modification within these guidelines.

- 9 -

**COMPLAINT FOR DAMAGES**

44.     Plaintiff is informed and believes and thereon alleges that a loan modification will result in INVESTOR realizing more money on a net present value basis than INVESTOR will realize through a foreclosure.

45.     OCW and INVESTOR therefore have a legal duty to agree to the modification offered by HOMEOWNER as set forth in the referenced proposal(s) above.

## FOURTH CAUSE OF ACTION

### STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.

(Against OCW and INVESTOR)

46.     Plaintiff hereby incorporates by this reference paragraphs 1 through 45, as though fully set forth herein.

47.     Defendants' conduct as alleged herein constitutes unlawful, unfair or fraudulent business act(s) or practice(s) within the meaning of California Business and Professions Code §17200 et seq.

48.     Specifically, Defendants are unlawfully and unfairly proceeding with foreclosure against California homeowners, including HOMEOWNER, in direct violation of California Civil Code foreclosure procedure statutes, including newly amended statutes implemented effective July 8, 2008 by way of Senate Bill 1137.

49.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without contacting them to explore options to avoid foreclosure as required by the Civil Code. In fact, as was the case here, Defendants are purposefully precluding homeowner attempts to accept any loan modification or workout options.

50.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without agreeing to or implementing a modification or workout as required by California Civil Code §2923.6 when loan payments are in default or default is reasonably foreseeable and anticipated recovery under the workout exceeds the anticipated recovery through foreclosure on a net present value basis.

- 10 -

**COMPLAINT FOR DAMAGES**

51.     Plaintiff has additionally been damaged in the amount of foreclosure fees and costs already charged to and added to Plaintiff's loan, in an amount to be proven at trial.

52.     The fees and costs charged by Defendants were charged without any legal authority to do so and in direct violation of the statutory mandate of California Civil Code §2923.5 and §2923.6.

53.     Defendants must be required to disgorge any profit or gain that they obtained as a result of their wrongful conduct as herein alleged.

54.     Plaintiff is entitled to equitable relief in the form of an order requiring Defendants to disgorge all profits or gain they have obtained from Plaintiff or at the expense of Plaintiff and members of the general public by reason of their unlawful, unfair or fraudulent business act(s) and practice(s) and an injunction enjoining Defendants from continuing said acts or practices.

### FIFTH CAUSE OF ACTION

### COMMON LAW UNFAIR COMPETITION

(Against OCW and INVESTOR)

55.     Plaintiff hereby incorporates by this reference paragraphs 1 through 54, as though fully set forth herein.

56.     Defendants acts and practices as herein alleged constitute unfair competition pursuant to common law of the State of California.

57.     Defendants' conduct as herein described, has damaged and will continue to damage Plaintiff and has resulted in losses to Plaintiff and an illicit profit or gain to Defendants in an amount to be proved with particularity at the trial of this matter. Plaintiff is entitled to equitable relief in the form of an order requiring Defendants to disgorge all profit or gain they have obtained from Plaintiff and members of the general public by reason of their wrongful conduct as herein alleged, and an injunction enjoining Defendants from continuing said acts or practices.

### SIXTH CAUSE OF ACTION

### FOR DECLARATORY RELIEF

(Against all Defendants)

- 11 -

COMPLAINT FOR DAMAGES

58.     Plaintiff hereby incorporates by this reference paragraphs 1 through 57, as though fully set forth herein.

59.     An actual controversy has arisen and now exists between the parties to this complaint and their respecting rights and responsibilities.

60.     Plaintiff requests and is entitled to a judicial declaration and judgment of this Court that:

(A)     Defendants, and each of them, may not foreclose on the Property until they have honored the accepted Loan Modification Agreement, which is an option to help HOMEOWNER avoid foreclosure and provided HOMEOWNER with an opportunity to complete a workout of the Note.

(B)     Recovery under the modification offered by HOMEOWNER exceeds anticipated recovery through a foreclosure on a net present value basis.

(C)     OCW and INVESTOR have a duty pursuant to Civil Code §2923.6 to implement the Loan Modification Agreement accepted by HOMEOWNER.

(D)     That OCW and INVESTOR failed to abide by their own guidelines in qualifying or reviewing HOMEOWNER for a loan modification in violation of Civil Code §2923.6.

(E)     That OCW and INVESTOR refused and/or failed to honor the accepted Agreement by HOMEOWNER n bad faith.

(F)     That Defendants and each of them, failed to provide the required statutory notifications and undertake the required courses of action as mandated under California's Civil Code.

61.     Plaintiff has no adequate remedy at law for the injuries that have occurred and are being threatened by the Defendants herein.

62.     Plaintiff has additionally been injured in that Plaintiff has incurred unlawful foreclosure fees and expenses, which have been added to the amount of Plaintiff's loan.

## SEVENTH CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

(Against all Defendants)

- 12 -

63.     Plaintiff hereby incorporates by this reference paragraphs 1 through 62, as though fully set forth herein.

64.     By virtue of Defendants acts and practices, primarily in failing to abide by their own guidelines in offering or accepting HOMEOWNER's loan modification, Defendants have breached their covenant of good faith and fair dealing.

65.     As a proximate result of Defendants acts and practices, HOMEOWNER has been damaged in an amount to be proven at time of trial.

**WHEREFORE,** Plaintiff prays for:

1.      A declaratory judgment and order of this Court that:

(A)     Defendants, and each of them, may not foreclose on the Property until they have honored the accepted Loan Modification Agreement, which is an option to help HOMEOWNER avoid foreclosure and provided HOMEOWNER with an opportunity to complete a workout of the Note.

(B)     Recovery under the modification offered by HOMEOWNER exceeds anticipated recovery through a foreclosure on a net present value basis.

(C)     OCW and INVESTOR have a duty pursuant to Civil Code §2923.6 to implement the Loan Modification Agreement accepted by HOMEOWNER.

(D)     That OCW and INVESTOR failed to abide by their own guidelines in qualifying or reviewing HOMEOWNER for a loan modification in violation of Civil Code §2923.6.

///

(E)     That OCW and INVESTOR refused and/or failed to honor the accepted Agreement by HOMEOWNER n bad faith.

(F)     That Defendants and each of them, failed to provide the required statutory notifications and undertake the required courses of action as mandated under California's Civil Code.

2.      For a temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendants from engaging in unlawful and deceptive acts and practices of

- 13 -

**COMPLAINT FOR DAMAGES**

1   foreclosing on property of California homeowners, including Plaintiff, without considering them

2   for within their guidelines, and when anticipated recovery through a modification or workout

3   plan exceeds anticipated recovery through foreclosure on a net present value basis.

4       3.    For disgorgement of Defendants' illegal profits and gain, including but not limited

5   to all foreclosure fees and costs charged California homeowners, including Plaintiff.

6       4.    For an award of actual damages in an amount within the jurisdictional limits of

7   this Court to be proven at trial.

8       5.    For general damages, according to proof.

9       6.    For special damages, according to proof.

10      7.    For consequential damages, and incidental damages, according to proof.

11      8.    For an award of reasonable attorney's fees pursuant to agreement of the parties,

12  according to proof.

13      9.    For an award of interest, including prejudgment interest, as provided by law.

14      10.    For costs of suit; and

15      11.    For such other relief as the Court deems just and proper.

16

17  Dated: _____          Respectfully submitted,

18

19

20  RONNY MOR
    Attorney for Plaintiff,

21

22

23

24

25

26

27

28

- 14 -

**COMPLAINT FOR DAMAGES**

# EXHIBIT "2"

Ocwen Financial Corporation - Quarterly Report

OCWEN FINANCIAL CORPORATION AND SUBSIDIARIES
NOTES TO UNAUDITED INTERIM CONSOLIDATED FINANCIAL STATEMENTS
MARCH 31, 2013
(Dollars in thousands, except per share data or if otherwise indicated)

NOTE 1  SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES

Organization

Ocwen Financial Corporation (NYSE: OCN) (Ocwen, OCN, "we", or "us") is a financial services holding company which, through its subsidiaries, is engaged in the servicing and origination of mortgage loans. Ocwen is headquartered in Atlanta, Georgia with offices in Florida, New Jersey, Pennsylvania, Texas, United States Virgin Islands (USVI) and Washington, DC and support operations in India and Uruguay. Ocwen is a Florida corporation organized in February 1988. Ocwen Loan Servicing, LLC (OLS), a wholly-owned subsidiary, is licensed to service mortgage loans in all fifty states, the District of Columbia and two U.S. territories. Homeward Residential, Inc. (Homeward), a wholly-owned subsidiary, is licensed to originate mortgage loans in 47 U.S. jurisdictions, including the District of Columbia and Puerto Rico.

At March 31, 2013, Ocwen directly or indirectly owned all of the outstanding stock of its primary operating subsidiaries: Homeward, OLS, Ocwen Financial Solutions Private Limited and Ocwen Mortgage Servicing, Inc. (OMS).

On February 15, 2013, OLS completed the acquisition of certain assets and operations of Residential Capital, LLC (ResCap), an indirect subsidiary of Ally Financial, Inc. (Ally), in connection with the asset sale by ResCap and certain of its subsidiaries pursuant to a plan under Chapter 11 of the Bankruptcy Code (the ResCap Acquisition). We purchased mortgage servicing rights (MSRs) related to "private label", Federal Home Loan Mortgage Corporation (Freddie Mac) and Government National Mortgage Association (Ginnie Mae) residential mortgage loans and master and sub-servicing agreements. The ResCap Acquisition included the related advances and related elements of the servicing platform for the MSRs and advances. This transaction did not involve the transfer of ownership of any legal entities.

On December 27, 2012, Ocwen completed the merger by and among Ocwen, O&H Acquisition Corp., a Delaware corporation and a wholly-owned subsidiary of Ocwen, Homeward, Homeward Residential Holdings, Inc. (Homeward Holding) and WL Ross & Co. LLC, a Delaware limited liability company as shareholder representative, pursuant to which O&H Acquisition Corp. merged with and into Homeward Holding with Homeward Holding continuing as the surviving corporation and becoming a wholly-owned subsidiary of Ocwen (the Homeward Acquisition). Homeward engages in the servicing of residential mortgage loans, the majority of which are nonprime, and also originates prime loans.

Basis of Presentation

The accompanying unaudited interim consolidated financial statements have been prepared in conformity with the instructions of the Securities and Exchange Commission (SEC) to Form 10-Q and SEC Regulation S-X, Article 10, Rule 10-01 for interim financial statements. Accordingly, they do not include all of the information and footnotes required by accounting principles generally accepted in the United States of America (GAAP) for complete financial statements. In our opinion, the accompanying unaudited interim consolidated financial statements contain all adjustments, consisting only of normal recurring accruals, necessary for a fair presentation. The results of operations and other data for the three months ended March 31, 2013 are not necessarily indicative of the results that may be expected for any other interim period or for the year ending December 31, 2013. The unaudited interim consolidated financial statements presented herein should be read in conjunction with the audited consolidated financial statements and related notes thereto included in our Annual Report on Form 10-K for the year ended December 31, 2012.

The preparation of financial statements in conformity with GAAP requires that we make estimates and assumptions that affect the reported amounts of assets and liabilities and disclosure of contingent assets and liabilities at the date of the financial statements and the reported amounts of revenues and expenses during the reporting period. Actual results could differ materially from those estimates. Material estimates that are particularly significant in the near or medium term relate to fair value measurements, the provision for potential losses that may arise from litigation proceedings, the amortization of MSRs and the valuation of goodwill and deferred tax assets.

Principles of Consolidation

Our financial statements include the accounts of Ocwen, its majority-owned subsidiaries and any variable interest entity (VIE) where we have determined that we are the primary beneficiary. We apply the equity method of accounting to investments when the entity is not a VIE, and we are able to exercise significant influence, but not control, over the policies

Ocwen Financial Corporation - Quarterly Report

and procedures of the entity but own 50% or less of the voting securities. We have eliminated intercompany accounts and transactions in consolidation.

9

Detail by Entity Name



Events    Name History

Return to Search Results

Entity Name Search

Search

## Detail by Entity Name

Florida Profit Corporation

OCWEN FINANCIAL CORPORATION

### Filing Information

| | |
|---|---|
| Document Number | S75556 |
| FEI/EIN Number | 650039856 |
| Date Filed | 08/22/1991 |
| State or Country | FL |
| Status | ACTIVE |
| Last Event | AMENDMENT |
| Event Date Filed | 12/14/2012 |
| Event Effective Date | NONE |

### Principal Address

2002 Summit Boulevard
6th Floor
Atlanta, GA 30319

Changed: 04/27/2013

### Mailing Address

P.O. Box 24737
West Palm Beach, FL 33416-4737

Changed: 04/27/2013

### Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

Name Changed: 01/13/2004

Address Changed: 01/13/2004

### Officer/Director Detail

Name & Address

Title President, CEO, Director

Faris, Ronald M.
1661 Worthington Rd, Ste 100
West Palm Beach, FL 33409

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/EntityName/domp-...

# EXHIBIT "3"

**PROOF OF SERVICE**

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On December 26, 2013, I served the within **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION 1441(b)** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Ronny Mor, Esq.
Law Office of Ronny Mor & Associates
P.O. Box 762
Huntington Beach, CA 92648
619-708-7237; Fax: 619-599-8237
Attorney for Plaintiffs

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]   (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

1

**PROOF OF SERVICE**

[ ]   (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[ ]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 26, 2013, at Newport Beach, California.

Gretchen Grant

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Amalia and Christopher Wells

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Ocwen Financial Corporation; Ocwen Loan Servicing LLC, Old Republic Default Management Services, Inc.

**(b) County of Residence of First Listed Plaintiff**   Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Ronny Mor, Law Office of Ronny Mor & Associates, P.O. Box 762, Huntington Beach, CA 92648   619-708-7237

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Jonathan M. Zak, Esq., Marvin B. Adviento, Esq., Wright, Finlay & Zak, LLP, 4665 MacArthur Court, Suite 280, Newport Beach, CA 92660 949-477-5050

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ Unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☒ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV13-02002 CJC (ANx)**

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [ ] Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [X] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes  [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [X] | [ ] | [ ] | [ ] |

**C.1. Is either of the following true?  If so, check the one that applies:**

[X] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right.  ➡

**C.2. Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Southern Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE:   Dec. 26, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Cormac J. Carney _____ and the assigned Magistrate Judge is _____ Arthur Nakazato _____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-02002 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 26, 2013
_____
Date

By __ M. Barr _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---